**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darnell Cunningham, II, | No. CV-19-05334-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Darnell Cunningham, II's Applications for Disability Insurance benefits and Supplemental Security Income benefits by the Social Security Administration (SSA) under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) seeking judicial review. The Court now addresses Plaintiff's Opening Brief (Doc. 12, "Pl. Br."), Defendant's Answering Brief (Doc. 15, "Def. Br."), and Plaintiff's Reply (Doc. 16, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 11, "R."), and now affirms the Administrative Law Judge's ("ALJ") decision (R. at 16–38) as upheld by the Appeals Council (R. at 1–6).

**I.     BACKGROUND**

Plaintiff filed his Applications for Disability Insurance benefits and Supplemental Security Income benefits on August 19, 2016, alleging disability beginning June 27, 2015. (*Id*. at 19.) He had previously filed Applications for Disability Insurance benefits and Supplemental Security Income benefits but received an unfavorable decision on June 26, 2015, which he did not challenge. (*Id*.) His present claims were denied initially on

December 13, 2016. (*Id.*) On June 4, 2018, Plaintiff appeared and testified at a hearing before the ALJ. (*Id.*) On October 16, 2018, the ALJ denied his claims, and on August 12, 2019, the Appeals Council denied Plaintiff's Request for Review. (*Id.* at 1–6, 16–38.)

Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: osteoarthritis of the right knee and right hip, obesity, status post right hip arthroplasty with labral repair, thyroid disorder, and shoulder impingement. (*Id.* at 23.) The ALJ concluded that Plaintiff was not disabled from the alleged disability onset-date through the date of the decision. (*Id.* at 32.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 25.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"):

> [Plaintiff] has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [he] can sit for 6 hours in an 8-hour workday, can stand and/or walk for 2 hours in an 8-hour workday; can occasionally operate foot controls with his right lower extremity, can occasionally push and pull with right upper extremity, but should avoid overhead reaching with right upper extremity; can occasionally balance, crouch, stoop, kneel, crawl, and climb ramps/stairs, but never climb ladders, ropes, or scaffolds; he should avoid concentrated exposure to extreme cold or vibration, and should not be exposed to hazards such as moving machinery or unprotected heights, or operating a motor vehicle. Further, while at the workstation and on-task, claimant needs to alternate to sitting for 2-3 minutes after every hour of standing/walking; and needs to alternate to standing for 2-3 minutes after every hours of sitting.

(*Id.* at 26.) Accordingly, the ALJ found that Plaintiff can perform jobs that exist in significant numbers in the national economy. (*Id.* at 31.)

## II.     LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503,

517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (citation omitted). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id*. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id*. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. *Id*. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id*. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff raises two issues for the Court's consideration. First, Plaintiff argues that the ALJ improperly evaluated the opinions of treating physicians Dr. William Wilkinson

1  and Dr. Matthew Small. (Pl. Br. at 16.) Second, Plaintiff challenges the ALJ's rejection of
2  his symptom testimony. (*Id*. at 23.) The Court disagrees with both arguments.

### A. Treating Physician Opinions

Drs. Wilkinson and Small provided several assessments of Plaintiff's functional limitations. The ALJ rejected them for various reasons. (R. at 28–29.) Dr. Wilkinson completed an RFC evaluation form and disability impairment questionnaire in May 2014, which the ALJ gave no weight because it was provided outside the relevant period. (*Id*. at 28.) In October 2015, Dr. Wilkinson also completed a disability impairment questionnaire and authored a letter regarding Plaintiff's limitations during the relevant period. The ALJ gave these opinions only some weight because the medical evidence did not fully corroborate the stated limitations and the opinions did not include a reaching limitation. (*Id*.) Dr. Small also authored a letter dated May 2015 and submitted a disability impairment questionnaire dated October 2016 regarding Plaintiff's functional limitations. (*Id*. at 29.) The ALJ discounted Dr. Small's letter because the previous ALJ rejected it and because it did not assess specific functional limitations. (*Id*.) Further, the ALJ rejected Dr. Small's disability impairment questionnaire because the opinion was inconsistent with the objective medical evidence and Dr. Small's course of treatment. (*Id*.)

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(c)(1)–(6) and determine the appropriate weight to give the opinion. *Id*. § 404.1527(c). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ's rejection of the treating physicians' opinions was supported by substantial evidence and valid reasoning. It was proper for the ALJ to reject the May 2014 opinions. Timing is a relevant consideration, and though an ALJ must consider each opinion, it is appropriate to discount an opinion provided outside of the relevant period. *See* 20 C.F.R. § 404.1527(c)(2), (6); *Turner v. Comm'r of Social Security,* 613 F.3d 1217, 1228–29 (9th Cir. 2010) (Gould, J., dissenting). It was appropriate for the ALJ to reduce the weight of Dr. Wilkinson's opinions provided during the relevant period because they did not include all of Plaintiff's limitations. Specifically, the ALJ reduced the weight given to Dr. Wilkinson's opinions because they did not include the reaching limitation that was included in a more recent opinion provided by Dr. Small. (R. at 28–29, 404, 574.) Since the ALJ's RFC calculation includes a reaching limitation, the ALJ discounted Dr. Wilkinson's opinion because it failed to account for all of Plaintiff's limitations.

Nor was it error for the ALJ to reject the treating physicians' opinions because they were uncorroborated by the medical evidence and Plaintiff's treatment history.[1] An ALJ may properly consider an opinion's supportability in determining its persuasiveness. *See* 20 C.F.R. § 404.1527(c)(3). Here, though the medical evidence reflects the existence of some limitations, the ALJ properly concluded that the evidence does not support limitations beyond those included in Plaintiff's RFC. Dr. Wilkinson's treatment records indicate that Plaintiff's pain is adequately controlled with medication and injections. (R. at 460, 465, 712, 717.) The records also indicate that Plaintiff's symptoms improved after surgery, and Dr. Wilkinson recommended conservative treatment modalities to treat Plaintiff's impairments (*e.g.*, stretching, walking, exercise, pain medication as needed). (*Id*. at 459, 464, 481–82, 716.) Similarly, Dr. Small's treatment records indicate that Plaintiff's impairments were well-controlled with injections and medication. (*Id*. 544, 546–47, 551–52, 554, 564.) And although Plaintiff argues that Dr. Nicholas Loafman's treatment records

---

[1] The ALJ also properly rejected Dr. Small's May 2015 letter because it did not indicate any specific functional limitations. (R. at 29, 538.) Instead, Dr. Small's letter only provided the general conclusion that Plaintiff cannot sustain work. An ALJ can consider an opinion's level of explanation and supportability in determining its weight. 20 C.F.R. § 404.1527(c)(3)–(4).

bolster Drs. Wilkinson's and Small's opinions, Dr. Loafman's records similarly indicate that Plaintiff's symptoms were adequately controlled. (*Id*. at 598 601, 606, 614; Pl. Br. at 20.) Further, Dr. Loafman's records indicate mild objective findings: for example, a 2016 x-ray of Plaintiff's hip showed "[n]o acute bony abnormality" and "[m]ild bilateral hip joint space narrowing." (*Id*. at 599, 617–18.) Contrary to Plaintiff's argument, the record does not indicate that the ALJ was "cherry-pick[ing]." (Pl. Br. at 20.) Instead, the ALJ's interpretation of the evidence is a rational one and is entitled to deference.

In short, because the ALJ provided specific and legitimate reasons supported by substantial evidence, she did not err by rejecting the opinions of Plaintiff's treating physicians.

### B. Plaintiff's Subjective Symptom Testimony

The ALJ provided several reasons for rejecting Plaintiff's testimony regarding his symptoms. First, the ALJ found that the objective medical evidence did not corroborate the severity of Plaintiff's alleged symptoms. (*Id*. at 27.) Second, the ALJ found that Plaintiff's daily activities contradicted his claims. (*Id*.) Third, she found that Plaintiff provided only vague and generalized descriptions of his symptoms, which undermined their veracity. (*Id*.) Fourth, the ALJ found that Plaintiff's impairments had been improving with treatment. (*Id*. at 27–28.) Finally, the ALJ found that Plaintiff required only conservative treatment modalities, which undermined his allegations. (*Id*.)

Though not all of the ALJ's reasons justify her rejection of Plaintiff's allegations, some of the reasons are valid and supported by substantial evidence.[2] Specifically, the objective medical evidence, Plaintiff's conservative treatment, and his improvement with treatment all support the ALJ's rejection of his testimony. Accordingly, the ALJ did not commit reversible error.

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding

---

[2] Even if the ALJ provided some erroneous reasons for rejecting Plaintiff's testimony, such errors would be harmless because the ALJ provided other, valid reasons. *See Tommasetti*, 533 F.3d at 1038 ("[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination.") (internal quotations marks omitted).

pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id*. at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

Initially, though it could not be the sole reason for rejecting Plaintiff's testimony, it was permissible for the ALJ to rely on the objective evidence in evaluating Plaintiff's allegations. *Id*. Further, as discussed above in relation to Plaintiff's treating physicians' opinions, the objective evidence does not corroborate the severity of Plaintiff's allegations—including Plaintiff's allegations that he lays in bed for most of the day and cannot perform a sit-down job because of pain. (R. at 72, 77.) Instead, the ALJ correctly found that the record reflects only mild-to-moderate symptoms. (*Id*. at 27, 462, 475, 478, 481–82, 544, 599, 617–18.) Thus, substantial evidence supports the ALJ's conclusion that the "diagnostic evidence does not support the severity of the limitation alleged, and the clinical findings are similarly mild." (*Id*. at 27.)

Next, the ALJ correctly discounted Plaintiff's allegations because he consistently reported improvement in his symptoms with conservative treatment. *See Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010) (ALJ used medical records that specifically supported his conclusion that plaintiff's impairments had improved and were well-controlled by the prescribed treatment, resulting in minimal limitations); *see also Parra v. Astrue*, 481 F.3d

742, 750–51 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."). The record supports the ALJ's reasoning. Plaintiff regularly reported improvement in his symptoms with medication and injections. (R. at 459–60, 465, 475, 544, 546–47, 551–52, 554, 564, 598, 601, 606, 614, 712, 717, 1074, 1080, 1087, 1102, 1114, 1132, 1141, 1175.) Furthermore, treatment recommendations were conservative: Plaintiff took pain medication only when needed and was repeatedly recommended physical therapy and exercise as treatment. (*Id.* at 459, 464, 481, 716.)

Although perhaps another interpretation of the evidence would be permissible, substantial evidence supports the ALJ's interpretation; thus, her interpretation controls. *See Thomas*, 278 F.3d at 954. The ALJ did not commit reversible error.

## IV. CONCLUSION

The ALJ provided sufficient reasons supported by substantial evidence for rejecting the opinions of Plaintiff's treating physicians and Plaintiff's symptom testimony. The Court affirms the ALJ's nondisability determination. Accordingly,

**IT IS ORDERED** affirming the October 11, 2018 decision of the ALJ (R. at 16–38), as upheld by the Appeals Council (R. at 1–6).

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 23rd day of September, 2020.

Michael T. Liburdi
United States District Judge